IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  CRIMINAL ACTION NO. 2:95-cr-00021-01

MICHAEL MCKINZIE,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Michael McKinzie's letter-form motion for "joint counsel" [Docket 134]. Defendant is currently incarcerated in FCI Bennettsville in Bennetsville, South Carolina, having been sentenced in 1995 to 262 months incarceration for various offenses involving cocaine base. Pursuant to an Order entered on January 5, 2009, Defendant's case was designated for Standard Procedure to determine whether he is eligible for a reduced sentence in light of amendments to United States Sentencing Guidelines §§ 2D1.1 and 1B1.10 regarding offenses involving cocaine base. An attorney has been appointed to represent Defendant.

Defendant requests that he be permitted to proceed pro se and with the assistance of counsel, such that both he and his attorney may act as co-counsel. What Defendant is requesting is a form of hybrid representation. It is not a favored practice. *See United States v. Singleton*, 107 F.3d 1091, 1100 (4th Cir. 1997) (noting that "the Supreme Court and other courts have at least implied that the right to representation by counsel and the right to self-representation are mutually exclusive").

For post-conviction proceedings, a criminal defendant has no Sixth Amendment right to self-representation. *See United States v. Gillis*, 773 F.2d 549, 560 (4th Cir. 1985). The right to self-representation for post-conviction proceedings is found in 28 U.S.C. § 1654, which provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." The text of § 1654 separates the right to proceed pro se and the right to proceed with counsel with the disjunctive, "or." This indicates that a "criminal defendant does not have an absolute right to both self-representation and the assistance of counsel." *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981). Thus, defendants generally must choose to proceed pro se or with counsel. It is within courts' discretion, however, to permit defendants to proceed with hybrid representation. *See Singleton*, 107 F.3d at 1100. This discretion is not boundless, and requests for hybrid representation should be granted "only where a defendant has made a showing of some special reason for the defendant to act as co-counsel." *United States v. Simmons*, No. 5:07-cr-40, 2008 U.S. Dist. LEXIS 63451 (N.D. W. Va. Aug. 14, 2008) (Stamp, J.) (citing *United States v. West*, 877 F.2d 281 (4th Cir. 1989)); *see also United States v. Sacco*, 571 F.2d 791, 793 (4th Cir. 1978) (requiring a "showing of special need").

Defendant has not demonstrated a special reason why he should be permitted to proceed as co-counsel with his appointed attorney. Defendant notes that he his currently in solitary confinement without access to a typewriter or other resources. Rather than support his argument, this fact diminishes his ability to conduct his own representation and furthers the degree to which he will be dependent on his appointed counsel. Additionally, nothing prevents him from communicating with his attorney in a meaningful way by, for example, mailing letters containing

his suggested arguments. In fact, Defendant already has filed numerous documents and handwritten arguments expressing his position on this proceeding. These filings are in the record and are available to his appointed attorney and the Court. Accordingly, Defendant's motion for joint counsel [Docket 134] is **DENIED**.

A review of the record in Defendant's case reveals two additional outstanding motions, Motion for Release on Bond [Docket 14] and Motion to Remit Fine Payment [Docket 106], which have been pending for thirteen and nine years, respectively. For reasons appearing to the Court, these motions are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, and the United States Probation Office..

ENTER: January 20, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE