## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

MICHAEL ANTHONY MCKINZIE,

            Movant,

v.                                             CIVIL ACTION NO. 2:11-cv-00157
                                                (Criminal No. 2:95-cr-00021)

UNITED STATES OF AMERICA,

            Respondent.

### ORDER

      Before the Court is Petitioner Michael Anthony McKinzie's Motion to Vacate, Set Aside, or Correct Sentence [Docket 145]. By Standing Order entered August 1, 2006, and filed in this case on March 10, 2011, this action was referred to United States Magistrate Mary E. Stanley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Stanley filed a PF&R [Docket 149] on May 3, 2011, recommending that this Court dismiss Petitioner's motion.

      The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*,

687 F.2d 44, 47 (4th Cir. 1982). Objections to the PF&R in this case were due on May 20, 2011. Petitioner filed objections on May 16, 2011. (Docket 150.)

Petitioner's first objection argues that, as the Government has not responded to his motion, he is, in essence, entitled to default judgment. The Court will simply note that the Government was never asked to respond to the instant motion, nor is such a response required. *See generally Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent). Petitioner's first objection is **OVERRULED**.

Petitioner's second and third objections appear to focus on the one-year limitation period on habeas filings contained in 28 U.S.C. § 2255(f). Specifically, he argues that his "actual innocence" claim can be raised at any time, and alternatively, that the one year statute of limitations contained in this section is unconstitutional. (Docket 150 at 3-4.) However, the PF&R did not deny Petitioner's motion as untimely, or even cite to § 2255(f) in the course of its decision. To the contrary, Magistrate Judge Stanley recommended that the Court dismiss the instant petition because Petitioner has not obtained a certificate of appealability to file a second and successive habeas motion from the United States Court of Appeals for the Fourth Circuit as required by 28 U.S.C. § 2255(h). As such, Petitioner's second and third objections are **OVERRULED**.

Petitioner's final objection argues that he meets the requirements of 28 U.S.C. § 2255(h) for filing a second and successive petition. Again, however, § 2255(h) discusses the standard by which the *court of appeals* is to make a determination regarding certification. As Petitioner has not yet obtained a certificate of appealability from the Fourth Circuit, this Court lacks subject matter

jurisdiction over this action and it must be dismissed. Accordingly, Petitioner's fourth objection is **OVERRULED**.

For the reasons noted above, the Court **ADOPTS** the PF&R [Docket 149] and **DISMISSES** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Docket 145]. A separate Judgment Order is entered this day implementing the findings contain herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 19, 2011

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE